IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY LEE OCKERT,

      Plaintiff,

  vs.                     CIVIL ACTION
                            No. 10-3058-SAC

MATTHEW BEYER, SHAWN CHASTAIN,
and VIRGIL R. FOOTE, JR.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 filed by a prisoner in state custody. On August 31, 2010, defendants filed a motion to dismiss (Doc. 18). Plaintiff has filed no response.

Defendants seek the dismissal of the complaint on the ground the plaintiff has not alleged personal participation by any defendant in the alleged constitutional violations.

**Facts**

The defendants to this action are Matthew Beyer, Shawn Chastain, and Virgil Foote, Jr., all employees of the Kansas Department of Corrections at the El Dorado Correctional Facility.

In Count 1, plaintiff claims his rights were violated by

"SST Gardner", "SST Burrows" and "SST personnel" and that he sustained injuries from assaults.

In Count 2, plaintiff claims that in March 2009, he was left in his cell without clothing, received a diet of finger food for five days, and was without hygiene for nine days.

In Count 3, plaintiff claims that on February 11, 2009, he received a meal tray with hair in it and was refused a meal. He claims Chastain, Beyer, and Foote then refused to follow protocol.

**Standard of review**

To withstand a motion to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under *Twombly*, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In ruling on a motion to dismiss, a court must accept as true all well-pleaded allegations of the complaint, even if doubtful in fact, and must construe the allegations in the light most favorable to plaintiff. *Twombly,* 550 U.S. at 555.

The Supreme Court further described the *Twombly* standard in *Ashcroft v. Iqbal.* 556 U.S., ___, 129 S.Ct. 1037 (2009). In

*Iqbal*, the Court explained that while Fed.R.Civ.P. 8 does not require a plaintiff to present detailed factual allegations, a plaintiff must offer "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

Defendants seek dismissal on the ground that plaintiff has failed to allege personal participation by the defendants in the alleged deprivation of his rights. Personal participation is an essential allegation in a civil rights complaint. *See Fogarty v. Gallegos*, 523 F.3d 1282, 1287 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")

**Application**

In Count 1, plaintiff makes no allegation of personal participation by any named defendant, and this claim fails for that reason.

In Count 2, plaintiff fails to allege personal participation by any individual, and the claim fails for that reason.

In Count 3, plaintiff claims that on one occasion, he received a meal with hair in it and was refused a replacement meal. He alleges the named defendants failed to follow protocol.

While plaintiff alleges involvement by the defendants in this claim, he nevertheless fails to state a claim for relief. Plaintiff's claim, at most, alleges a single instance of receipt of a meal in which a foreign object appeared and the failure to provide a replacement meal. The court liberally construes this to assert a claim of cruel and unusual punishment arising under the Eighth Amendment.

An Eighth Amendment violation consists of two elements: (1) objectively, whether the harm caused is sufficiently serious to deny a prisoner the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official acted with "deliberate indifference" to the harm. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter,* 501 U.S. 294 (1991).

In situations similar to the one described by plaintiff, the courts have found no constitutional violation. *See, e.g., LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993)(quoting *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied.,* 475 U.S. 1096 (1986))(occasional foreign object in food does not violate the Constitution) and *Booker v. Herman*, 2006 WL 2457230 (N.D. Ind. 2006)(missing a single meal is a *de minimis* injury that does not deny "the minimal civilized measure of life's necessities".)

Plaintiff does not allege the single meal involved in this

claim resulted in serious harm, and the court finds this isolated event did not violate the Eighth Amendment.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' uncontested motion to dismiss (Doc. 17) is granted.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 7th day of December, 2010.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge